T.C. Summary Opinion 2001-182

UNITED STATES TAX COURT

ROY ROBERT BOTTS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4543-00S.                          Filed December 11, 2001.

Roy Robert Botts, pro se.

James E. Gray, for respondent.

PAJAK, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1997 Federal income tax of $18,296 and a penalty under section 6662 of $1,456. After concessions by petitioner and respondent, the sole issue we must decide is whether petitioner is liable for the 10-percent additional tax under section 72(t) due to an early distribution to him from his section 401(k) retirement plan.

Petitioner resided in Durham, North Carolina, at the time he filed his petition. Petitioner was born on September 27, 1953.

Petitioner timely filed his 1997 Form 1040EZ, Income Tax Return for Single and Joint Filers with No Dependents. Respondent determined that petitioner failed to report $55,075 from a pension plan and that he was liable for the 10-percent additional tax of $5,508.

During 1997, Union Bank of California (Union Bank) made a distribution of $55,404.63 from petitioner's Mitsubishi Electric America, Inc. (Mitsubishi) 401(k) account. The distribution included $329.49 of employee contributions. Petitioner conceded that the total taxable distribution during 1997 from his 401(k) account was $55,075.14 ($55,404.63 minus $329.49).

Union Bank withheld $21,976.34 from the $55,404.63 401(k) distribution to petitioner. Union Bank withheld Federal income tax of $11,015.03 and State income tax of $3,304.51. This left a balance of $7,656.80 ($21,976.34 minus $11,015.03 and $3,304.51). Union Bank identified the $7,656.80 as a loan payoff. Petitioner

disputes this representation and contends that the amount was withheld to satisfy the early withdrawal penalty. (This contention, if valid, would mean $2,148.80 ($7,656.80 less $5,508) would remain unexplained. This point was not addressed at trial).

On or about May 12, 1997, Union Bank issued petitioner a check in the amount of $33,428.29. The amount of the check reflected the 401(k) distribution of $55,404.63 less the $21,976.34 total withholdings made by Union Bank. About May 16, 1997, petitioner negotiated the check at a branch of First Union National Bank.

Respondent's position is that the $7,656.80 additional withholding from petitioner's early 401(k) distribution was not in satisfaction of the section 72(t) 10-percent additional tax. Respondent states that the evidence proves that the $7,656.80 withholding made by Union Bank was a payoff in satisfaction of a loan and that petitioner is liable for the section 72(t) 10-percent additional tax.

Early distributions from a qualified retirement plan are subject to a 10-percent additional tax, with exceptions not applicable in this case. Sec. 72(t). Petitioner does not contest that the section 72(t) 10-percent additional tax applies to the distribution of $55,404.63 made by Union Bank to him from his 401(k) account.

Petitioner testified that when he received the 1997 distribution from his 401(k) account he "believed all of the taxes and penalties had been withdrawn from it, as the company stated they would do when they distributed the monies." Petitioner claims he was unaware of any outstanding loan balance. Petitioner's boldfaced testimony was that he "had not taken a loan out." He further testified that his only withdrawal from the 401(k) plan "was to settle a divorce agreement." Petitioner's Divorce Agreement contained no indication of any required withdrawal from petitioner's 401(k) account. Although petitioner provided a retirement plan statement from Mitsubishi for the last quarter of 1994, he failed to provide any such statement for any period ending after 1994. Petitioner claimed that he lost these records.

A statement provided by Union Bank reflecting the total withholdings from petitioner's 1997 Mitsubishi 401(k) account distribution showed that the $7,656.80 withholding represented a "Loan Payoff". According to Union Bank, the loan had been made to petitioner in 1996. A letter dated May 10, 2001, from Wanda Green, a Trust Officer at Union Bank, stated that petitioner received an $8,000 loan check dated November 20, 1996, from his Mitsubishi 401(k) account. A Union Bank "Miscellaneous Cash and Disbursements MEA [Mitsubishi Electric America] 401(k) Loan Account from 1/01/96 to 12/31/96" report reflected a November 20,

1996, loan disbursement of $8,000 to petitioner.  A Union Bank "Mitsubishi Electric America Inc. Retirement Plan New Loan Report, 10/20/96 - 10/20/96" showed that petitioner was to repay the $8,000 loan by making 130 biweekly payments of $76.97.  Union Bank also furnished a copy of an $8,000 loan check payable to petitioner.

For 1997, petitioner reported $10,820 as income on his Federal tax return.  Yet, he claims he did not remember an $8,000 loan in 1996.  This defies reason.

The record clearly reflects that in 1996 petitioner received an $8,000 loan from his Mitsubishi 401(k) account.  It is also evident that the $7,656.80 withholding made by Union Bank from petitioner's 1997 401(k) distribution is in satisfaction of his outstanding loan balance at the time of the distribution.  Accordingly, petitioner is liable for the 10-percent additional tax on his 401(k) distribution.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.